IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WYNETTA AVERY, )<br>)<br>   Plaintiff, )<br>)   Case No.:<br>v. )<br>)<br>THE UNIVERSITY OF CHICAGO, and )<br>Illinois not for profit Corporation )   Jury Demanded<br>IVAN SAMSTEIN, individually )<br>   Defendants. ) | |

## COMPLAINT

Plaintiff, Wynetta Avery ("Plaintiff"), by and through her attorneys Golden Law, complains as follows: This is a civil action brought by Plaintiff, against, Ivan Samstein (individually), The University of Chicago ("University"), an Illinois not for profit corporation (collectively "Defendants") for violations of the Americans with Disabilities Act (ADA) and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. ("Title VII"), and 42 U.S.C. §1981. Plaintiff claims that Defendants acting under color of law:

A. Discriminated against her based on her age

B. Discriminated against her based on her disability; and

C. Retaliated against her for engaging in a protected activity.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331 and 1343. This action is authorized and instituted pursuant to § 2000e-5 (f)(3) of the Civil Rights Act of 1964, as amended. Pursuant to 28 U.S.C. §1391(b)(1), venue is proper in the Northern District of Illinois, Eastern Division because the claims arose out of incidents occurring in this judicial district.

## **PARTIES**

2. At all times material herein Plaintiff was disabled and a resident of the State of Illinois. She is an employee within the meaning of Title VII, and a member of a protected class under 42 U.S.C. §1981.

3. Defendant, Ivan Samstein, is a United States citizen and an Illinois Resident.

4. Defendant, The University of Chicago, is an Illinois not for profit corporation validly existing and operating under the laws of the State of Illinois and an employer within the meaning of Title VII.

## **FACTS**

5. Plaintiff began her employment with the University on or about June 15, 2015, as an Executive Assistant.

6. Throughout her employment Plaintiff managed several important projects and simultaneously supported multiple different executives.

7. Since the beginning of Plaintiff's employment and at all times prior to June 15, 2015, Plaintiff had a spotless personnel record with no complaints from any other executives she supported.

8. On or about January 2018, Defendant hired Ivan Samstein, as the Chief Finanical Officer (Samstein).

9. Following Samstein's hire, Plaintiff was assigned new and additional tasks such as managing extremely complex calendars and handling critical meetings in relation to the construction of a new building on Defendant's campus.

10. During this time, Samstein also made it clear that he did not want Plaintiff working for him and wished to assemble his own team.

11. Plaintiff suffers from a diagnosed disability, namely, anxiety.

12. As a result of the massive influx of new and complex assignments and Samstein's behavior, Plaintiff's anxiety was triggered and her symptoms became markedly more severe.

13. Plaintiff repeatedly informed Samstein that she needed time off in order to seek assessment and treatment from a medical professional in relation to her disability.

14. Plaintiff even provided proof of medical appointments, issued by her treating physician, in an attempt to receive time off.

15. Samstein repeatedly ignored and/or denied requests by Plaintiff for time off to receive treatment for her disability.

16. Plaintiff was finally able to secure FMLA leave for her disability which was scheduled to begin on March 14, 2018.

17. On March 13, 2018, just one day before Plaintiff was scheduled to begin her FMLA leave for anxiety, Samstein placed Plaintiff on a three (3) month Performance Improvement Plan and accused her of not performing in a satisfactory manner.

18. On or about March 13, 2018, and in violation of Plaintiff's right to confidentiality under the ADA, Samstein shared information about Plaintiff's disability and FMLA leave with another co-worker.

19. On March 15, 2018, only one day after departing on FMLA leave for anxiety, Plaintiff received a call from one of her coworkers inquiring about her reason for being on leave.

20. Plaintiff's anxiety was further triggered by this event and the knowledge that her confidential medical information had been disseminated throughout her office without her consent or knowledge.

21. Plaintiff sought treatment during her FMLA leave and returned to work on May 15, 2018.

22. Plaintiff's is still under doctor care for her diagnosed disability.

23. Upon Plaintiff's return she has been subjected to subliminal comments and innuendos from colleagues.

24. In addition, Plaintiff was targeted on the basis of her race, African American, and her age, 47.

25. Since becoming employed by Defendant, Samstein has hired approximately five (5) new employees.

26. Each of the employees hired by Samstein is significantly younger than Plaintiff.

27. In addition, none of the individuals hired by Samstein are African American. All of the employees hired by Samstein are Caucasian.

28. The employees recently hired by Samstein are similarly situated to Plaintiff, yet they have not been given additional assignments and projects in the same manner as Plaintiff.

29. Furthermore, Samstein consistently and publicly places blame on Plaintiff for decisions, oversights, and mistakes made throughout the entire department.

30. As a result of Samstein's continuous discrimination and retaliation towards Plaintiff, she continues to suffer increased symptoms of her disability and harassment at the hands of her coworkers and Samstein.

31. As a result of the continued discrimination experienced by Plaintiff, Plaintiff complained to Dale Baldemor, Director of Administration and Operations in the office of the President and

the Provost, regarding her anxiety and the unwarranted and discriminatory treatment she had been subjected to by Samstein. Nothing was done to prevent or stop Samstein from harassing Plaintiff.

32. University was well aware of the complaints of discrimination and harassment made by Plaintiff and has failed to address and rectify the situation in violation of Title VII and 42 U.S.C. §1981. University's failure to address and rectify the situation has caused great harm to the Plaintiff.

33. On April 4, 2018, Plaintiff filed a charge of discrimination with the EEOC for Race Discrimination, Age Discrimination, Disability Discrimination and Retaliation in violation of Title VII (Charge number 440-2018-03953), and on April 12, 2018, the EEOC issued Plaintiff a Right to Sue letter, the Charge of Discrimination and the Right to Sue Letter are attached hereto as Exhibit A.

34. EEOC did not attempt to investigate Plaintiff's claims.

35. As a result of Plaintiff engaging in a protected activity she has been subjected to additional harassment, not only by Samstein, but also by fellow co-workers, and was forced to file another Charge of Discrimination and has been given an appointment for her charges to be filed.

## COUNT I: DISABILITY DISCRIMINATION

36. Plaintiff re-alleges and incorporates paragraphs five (5) through thirty-five (35) as if fully set forth herein.

37. Plaintiff is an employee as defined by the Civil Rights Act of 1964, 42 U.S.C. §2000e and a member of a protected class under 42 U.S.C. §1981.

38. Defendant, through its' agents, has violated Title VII by treating Plaintiff differently based on her disability.

39. Other similar situated employees outside the protected class were treated more favorably than Plaintiff, as the similar situated employees were not terminated from their employment as result of having a disability.

40. Plaintiff was thus denied her right under Title VII not to be discriminated against based on her disability.

41. As a result of Defendant's discrimination on the basis of her disability, Plaintiff suffered and continues to suffer economic losses, mental anguish, pain and suffering and other non-pecuniary losses.

## COUNT II: RETALIATION

42. Plaintiff re-alleges and incorporates paragraphs five (5) through forty-one (41) as if fully set forth herein.

43. Title VII prohibits retaliation against Plaintiff for engaging in a protected activity.

44. Plaintiff engaged in a protected activity by reporting discrimination and exercising her right to file a complaint with the EEOC.

45. Samstein, knew that Plaintiff reported the discrimination to EEOC and Baldermor.

46. Plaintiff is still being subjected to retaliatory treatment in violation of federal law.

47. Defendant's actions have caused Plaintiff to suffer economic losses, mental anguish, pain and suffering, and other non-pecuniary losses and, unless enjoined by the Court, will cause Plaintiff to continue to suffer said losses.

WHEREFORE, Plaintiff prays for the entry of an order granting the following relief:

A. An injunction against further discrimination, retaliation and harassment by Defendant's management staff;

B. Reimbursement for any and all of Plaintiff's lost wages incurred as a result of Defendants' conduct;

C. Compensatory and special damages for any and all monetary loss suffered as a result of Defendants' conduct;

D. General damages for Plaintiff's emotional distress, mental anguish, feelings of unjust treatment, harm to her reputation, pain and suffering and personal indignity suffered as a result of Defendants' conduct;

E. Punitive damages to deter such future conduct;

F. Removal of derogatory information from her personnel file;

G. An order requiring University to provide all supervisors and management staff with diversity and anti-retaliation training;

H. Her cost of bringing this action, including reasonable attorney's fees; and

I. Such other relief that this Court may deem equitable and just.

Respectfully submitted,

/s/ *Shanita Q. T. Straw*
/s/ *Victoria C. Davis*
Shanita Q. T. Straw & Victoria C. Davis
Attorneys for Plaintiff

Shanita Q.T. Straw (47373)
Victoria C. Davis
Golden Law
Attorney for Plaintiff

6602 Roosevelt Road
Oak Park, Illinois 60304
(708) 613-4433
(708) 777-4433 fax